| | | |
|---|---|---|
| **NEIL GILMOUR III, TRUSTEE FOR THE GRANTOR TRUSTS OF VICTORY PARENT COMPANY, LLC; VICTORY MEDICAL CENTER CRAIG RANCH, LP, VICTORY MEDICAL CENTER LANDMARK, LP, VICTORY MEDICAL CENTER MID-CITIES, LP, VICTORY MEDICAL CENTER PLANO, LP, VICTORY MEDICAL CENTER SOUTHCROSS, LP, VICTORY SURGICAL HOSPITAL EAST HOUSTON, LP, VICTORY MEDICAL CENTER BEAUMONT, LP,** | § § § § § § § § § § § § § § § § | |
| *Plaintiffs,* | § § § | SA-17-CV-00510-FB |
| **vs.** | § § | |
| **AETNA HEALTH, INC., AETNA HEALTH INSURANCE COMPANY, AETNA LIFE INSURANCE COMPANY,** | § § § § | |
| *Defendants.* | § § | |

## ORDER

Before the Court in the above-styled cause of action is the Opposed Motion for Protective

Order to Limit Attendance at Upcoming Depositions [#78] filed by Defendants Aetna Health,

Inc., Aetna Health Insurance Company, and Aetna Life Insurance Company (collectively,

"Aetna"). By its motion, Aetna asks the Court for an order preventing witness Robert Helms, a

non-party witness, and his criminal-defense attorney Michael Wynne from attending the

upcoming depositions of non-party witnesses Shannon Osteen, Tanya Snodgrass, and Michael

Austin, as well as any future depositions other than their own. The Court held a hearing on the

motion on August 27, 2019, at which counsel for the parties as well as Mr. Wynne, appearing on

behalf of Mr. Helms, appeared. The Court issued certain oral rulings at the close of the hearing,

which it now memorializes with this written Order.

## I. Background

This case was filed by Neil Gilmour III ("Plaintiff"), who is a trustee for seven former orthopedic hospitals (some of which went bankrupt) and their parent company, Victory Parent Company LLC. The hospitals and their parent company are referred to collectively in this Order as "Victory." Plaintiff sued Aetna alleging claims under ERISA, the Texas Insurance Code, and Texas common law. Plaintiff claims that Aetna failed to pay or underpaid certain out-of-network claims for covered services that Victory provided to Aetna plan members in operating its hospitals and other medical facilities throughout Texas.

In response, Aetna asserted counterclaims against Victory, claiming Victory engaged in a fraudulent billing scheme to submit excessive charges for services allegedly provided to Aetna's health plan members, specifically high charges for implants and referrals by physicians with financial interests in Victory. Aetna claims that Victory intentionally set up an out-of-network business model that resulted in charges at 400% or more of Victory's actual cost for services and that Victory provided kick-backs to referring physicians and billed patients for these amounts. Aetna seeks to recover these allegedly improper payments through claims of fraud, "money had and received," negligent misrepresentation, and unjust enrichment, and also pleads exemplary damages. Alternatively, Aetna, as an ERISA claim-fiduciary with authority to recover overpayments, seeks the equitable return of plan benefits paid to Victory that are not payable under the terms of the ERISA plans at issue.

The parties are currently engaged in discovery related to these counterclaims. Aetna is in the midst of deposing individuals it contends have knowledge regarding the alleged fraudulent scheme. Aetna recently deposed Mr. Helms, the former CEO of Victory, who is a witness but not a party in this case. During the deposition, Mr. Helms was represented by Mr. Wynne, who

also represents him in other criminal matters. Aetna has also noticed the depositions of former management-level employees of Victory—Shannon Osteen and Tanya Snodgrass—as well the former CEO of a company that sold implant devices to Victory, Michael Austin. Ms. Osteen and Ms. Snodgrass have retained Mr. Wynne to represent them during their depositions. Mr. Austin, on the other hand, has not. After Mr. Wynne and Mr. Helms expressed their intention to attend these depositions, Aetna filed this motion seeking to have them excluded.

## II. Analysis

The Court will issue a protective order that prevents Mr. Helms from attending the scheduled depositions and prevents Mr. Wynne from attending any deposition unless he represents a party or has been formally retained to represent the deponent. The Federal Rules of Civil Procedure allow a court, for good cause, to issue an order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense," including "designating the persons who may be present while the discovery is conducted." Fed. R. Civ. P. 26(c)(1)(E). A party may not simply request sequestration of a witness at the time and place of the scheduled deposition, as is permitted in the context of trial testimony through the invocation of "the rule." *See In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998); Fed. R. Evid. 615 (establishing the right of any party at trial to invoke "the rule" to request that the court "order witnesses excluded so that they cannot hear other witnesses' testimony"). Rule 30 of the Federal Rules of Civil Procedure expressly excludes the application of Federal Rule of Evidence 615 in the context of a deposition. Fed. R. Civ. P. 30(c)(1) ("The examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence, except Rules 103 and 615."). Although "Rule 30(c)'s exclusion of depositions from the strictures of Rule 615 was intended to establish a general rule that 'other witnesses are not automatically excluded from a deposition

simply by the request of a party,'" a showing of good cause under Rule 26 is sufficient to exclude a witness from a deposition. *In re Terra Int'l, Inc.*, 134 F.3d at 306 (quoting Fed. R. Civ. P. 30(c) advisory committee notes); Fed. R. Civ. P. 26(c).

Aetna has demonstrated the requisite good cause to exclude Mr. Helms and Mr. Wynne from the upcoming depositions. Mr. Helms is the former CEO of the Victory hospitals that filed for Chapter 11 bankruptcy and whose trustee has filed this lawsuit against Aetna to recover allegedly underpaid claims. Aetna contends that Mr. Helms and the other witnesses may have been involved in perpetuating the fraudulent scheme underlying Aetna's counterclaims. Courts have recognized that where a party alleges fraud, there is good cause to exclude others who may have knowledge of or involvement in the alleged fraud from each other's depositions because there is a risk of influence, collusion, or intimidation. *See, e.g.*, *In re Levine*, 101 B.R. 260, 262 (Bankr. D. Colo. 1989) ("When allegations of fraud and conspiracy to commit fraud are joined, it can be persuasively argued that during discovery the need to test the observation, recollection and communication of each deponent independently should outweigh that party's right to be present for deposition.") (internal quotation omitted). Here, Aetna contends Mr. Helms is at the center of Victory's fraudulent scheme and could improperly affect or influence the testimony of the upcoming deponents, who are also potential participants in the alleged fraud. This is sufficient reason to exclude Mr. Helms from the depositions.

Mr. Helms argues he should be able to attend the depositions because he has a financial interest in the outcome of the litigation, as Victory's largest secured creditor. But his status as a secured creditor in the Chapter 11 bankruptcy neither gives him the right to attend the upcoming depositions nor trumps Aetna's identification of good cause for his exclusion. Plaintiff, as

Trustee, has the responsibility of protecting the interest of all secured creditors of Victory, including but not limited to Mr. Helms.

Nor should Mr. Wynne be permitted to attend any upcoming depositions unless he has been retained by the deponent for purposes of the deposition. Plaintiff's response to Aetna's motion indicates that Shannon Osteen and Tanya Snodgrass have retained Mr. Wynne to represent them in their depositions. Accordingly, Mr. Wynne may attend these depositions as retained counsel. Mr. Wynne may not attend the deposition of Michael Austin, however, as he has not been retained by Mr. Austin. Mr. Wynne is Mr. Helms's criminal-defense attorney. His interest in attending the deposition is therefore to represent Mr. Helms's interests, a non-party. The good cause established for Mr. Helms's exclusion applies with equal force to Mr. Wynne's attendance. Mr. Wynne unpersuasively claimed at the hearing that his attendance is required to ensure that truthful testimony is given. If a witness desires to retain Mr. Wynne to defend him, he may. Moreover, witnesses are sworn in at the beginning of their depositions and reminded of their legal obligation to tell the truth. Finally, Plaintiff is represented by able counsel, who will be present to lodge objections to any misleading or confusing questions.

The Court will, however, deny Aetna's motion insofar as it requests a blanket order preventing Mr. Helms from reviewing any deposition transcripts or discussing the depositions with Mr. Wynne. There is an Agreed Protective Order in place in this case [#27], which sets forth a mechanism for designating information disclosed at a deposition as confidential. The parties may utilize this process to ensure that certain depositions or portions thereof are preserved as confidential, and therefore not subject to disclosure to non-parties, including Mr. Helms, his attorney, or other non-party witnesses or their attorneys. The Protective Order thus

provides a mechanism for the parties to more specifically tailor the confidentiality designations than the requested blanket order would.

**IT IS THEREFORE ORDERED** that Defendants' Opposed Motion for Protective Order to Limit Attendance at Upcoming Depositions [#78] is **GRANTED IN PART** as follows:

- Robert Helms is not permitted to attend the depositions of Shannon Osteen, Tanya Snodgrass, Michael Austin or any other witness deposed in this case.

- Michael Wynne, Mr. Helms's attorney, is not permitted to attend any depositions taken in this case unless he represents a party or has been formally retained to represent the deponent.

**IT IS FURTHER ORDERED** that in all other respects the motion [#78] is **DENIED**.

SIGNED this 30th day of August, 2019.


ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE