IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| NEIL GILMOUR, III, TRUSTEE FOR THE GRANTOR TRUSTS OF VICTORY PARENT COMPANY, LLC, VICTORY MEDICAL CENTER CRAIG RANCH, LP, VICTORY MEDICAL CENTER LANDMARK, LP, VICTORY MEDICAL CENTER MID-CITIES, LP, VICTORY MEDICAL CENTER PLANO, LP, VICTORY MEDICAL CENTER SOUTHCROSS, LP, VICTORY SURGICAL HOSPITAL EAST HOUSTON, LP, AND VICTORY MEDICAL CENTER BEAUMONT, LP, | § § § § § § § § § § § § | |
| *Plaintiffs,* | § § | JURY DEMANDED |
| VS. | § § | CIVIL ACTION NO. 5:17-cv-00510-FB |
| AETNA HEALTH, INC., AETNA HEALTH INSURANCE COMPANY, AND AETNA LIFE INSURANCE COMPANY, | § § § § § | |
| *Defendants.* | § | |

## NON-PARTY ROBERT N. MR. HELMS, JR.'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS AND SUPPORTING BRIEF

Non-Party Robert N. Helms, Jr. ("Mr. Helms"), the former CEO of Victory Parent Company, LLC, opposes Defendant Aetna's[1] motion for sanctions.

## I. INTRODUCTION

Rule 11 sanctions are rarely if ever granted against non-parties because the non-party's attorney typically has not signed a pleading in the case. Similarly, sanctions under a court's

---

[1] The terms "Defendants" or "Aetna" refer collectively to Defendants Aetna Health, Inc., Aetna Health Insurance Company, and Aetna Life Insurance Company.

inherent powers are rarely granted against a non-party.  Mr. Helms respectfully submits that neither Rule 11 nor inherent power sanctions should be levied against Mr. Helms on the record before this Court.  Indeed, the entirety of Defendants' factual argument against Mr. Helms is limited to two pages in a 20-page motion.  Defendants attempt to tarnish Mr. Helms by suggesting he should not have retained counsel with experience in white-collar healthcare matters — even though Defendants also lodge conclusory allegations that Mr. Helms is somehow involved in allegedly criminal activity.  Defendants additionally misrepresent the number and import of form objections asserted by counsel.  For example, counsel asserted objections to only 13% of Defendants' deposition questions to deponent Osteen, a percentage on par with the typical percentage of objections in commercial litigation depositions.  Defendants, for their part, have never moved to compel answers or asked the Court to overrule these objections.  Finally, Defendants object to Mr. Helms's lawyers invoking the common-interest privilege.  In so doing, they exhibit a profound lack of knowledge about both the doctrine and when it is warranted.

Mr. Helms is not a party to the litigation and does not control the Trustee.  There is no evidence of bad faith or obstruction.  Sanctions are wholly inappropriate in this case.  As the following demonstrates, Defendants' motion with respect to Mr. Helms lacks legal and factual merit and should be denied in its entirety.

## II. ARGUMENT AND AUTHORITIES

Rule 11 sanctions are "a rare and extraordinary" remedy.  *Castro & Co., LLC v. Diamond Offshore Servs.*, No. 3:18-cv-574-M, 2018 U.S. Dist. LEXIS 198645, at *38 (N.D. Tex. June 21, 2018).  Rule 11 does not apply to Mr. Helms or his attorneys because neither has signed pleadings in this case.  Undeterred by this fact, Aetna asks this Court to invoke its inherent powers to sanction Mr. Helms, a non-party.  It is equally as rare for a court to invoke its inherent powers against a

non-party.  Neither is warranted in this case and Defendants' motion should be denied in its entirety.

### A.  Rule 11 Sanctions Are Inappropriate.

Rule 11 provides that, should a court determine subsection (b) (regarding representations to the court) has been violated, the court "may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). Mr. Helms is not a party to this litigation and has no claims at issue; neither is he an attorney. Simply put, he has not made any representations to the Court that could warrant Rule 11 sanctions. Further, nothing of which Defendants complain regarding Mr. Helms involves any representation made in a pleading or motion to this Court.  *See* Fed. R. Civ. P. 11(b) (outlining requirements for counsel to follow when making representations to the court through "a pleading, written motion, or other paper").  Defendants allege (without any evidence) that Mr. Helms somehow controls this litigation.  Defendants also complain of conduct during depositions and regarding retention of counsel.  Those allegations are both baseless and do not support sanctionable conduct—as addressed below. Further, the alleged complaints by the Defendants are not the sort of behavior Rule 11 contemplates as sanctionable conduct.  Mr. Helms should plainly not be sanctioned under Rule 11.

### B.  Inherent Power Sanctions Are Unwarranted.

A court has inherent power to sanction bad actors over whom it has jurisdiction. *McGuire v. Sigma Coatings, Inc.*, 48 F.3d 902, 906 (5th Cir. 1995).  "[T]he threshold for the use of inherent power sanctions is high." *Reed v. Iowa Marine and Repair Corp.*, 16 F.3d 82, 84 (5th Cir. 1994). The Supreme Court cautioned that "because of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991).  A

finding of bad faith is a prerequisite to the imposition of inherent power sanctions. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980) (finding that conduct constituted or was tantamount to bad faith "would have to precede any sanction under the court's inherent powers"); *see also Elliott v. Tilton*, 64 F.3d 213, 217 (5th Cir. 1995) (reversing and remanding where a district court expressed "displeasure" at conduct but did not make a specific bad-faith finding). Critically, inherent power "may be exercised only if essential to preserve the authority of the court." *In re Fema Trailer Formaldehyde Products Liab.*, 401 Fed. App'x 877, 883 (5th Cir. 2010) (citing *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 86 F.3d 464, 467 (5th Cir. 1996)). Such an exercise is not supported by Defendants' motion or the record.

   i.     *There Is No Case-Law Basis to Sanction Mr. Helms.*

The inherent power standards outlined above apply when a court is exercising power over *parties*. But it is far less certain whether a court may assert its inherent power to sanction non-parties than Defendants would have this Court think. As one commentator noted, "[i]t is undisputed that a court may sanction attorneys, parties, and *pro se* litigants pursuant to its inherent powers. However, the courts are divided regarding the extent to which this power extends, if at all, to abuses committed by nonparties." 6 Bus. & Com. Litig. Fed. Cts. § 59:42 (4th ed.) (2019). Defendants ask this Court to tread into uncertain legal waters. The record and Defendants' thin analysis do not support such a rare remedy.

Defendants cite a single case (and its two internal citations from other circuits) to support its suggestion that the Court should impose rare and extraordinary inherent power sanctions against Mr. Helms. *See* Mot. at 11 n.45 (citing *Iris Connex, LLC v. Dell, Inc.*, 235 F. Supp. 3d 826 (E.D. Tex. 2017)). The factors present in the patent-litigation-focused *Iris Connex*—the sanctioned party was (1) an attorney, who (2) created shell companies, and (3) did not disclose his  corporate-

- 4 -

structure scam in discovery—are not present here.  Even if they were, the test proposed by *Iris Connex* requires substantial participation of the non-party.  *Iris Connex*, 235 F. Supp. 3d at 858. Mr. Helms has participated as much as required to protect his rights against Defendants' accusations, but little if any more.  His participation does not rise anywhere close to the level of non-party participation in *Iris Connex*.  *See id*. at 858-61 (attorney created entities to file hundreds of suits, dissolved entities after end of suits, "conceived and then carried out each step" leading up to filing suit, used personal resources to settle cases, defined case theories for claims, and concealed shell operations during discovery).  Defendants' motion would fail under its own suggested test out of the Eastern District.  But there is no reason for this Court to apply or adopt *Iris Connex* in this case.

Defendants fail to cite precedent that distinguishes *Iris Connex*'s holding.  *See Stone Basket Innovations, LLC v. Cook Med., LLC*, No. 1:16-cv-00858-LJM-TAB, 2017 U.S. Dist. LEXIS 94548, at *19-20 (S.D. Ind. June 20, 2017) ("In the instant case, even assuming that SBI is a shell corporation, Cook has failed to put forth any evidence of the additional factors that gives rise to a finding of exceptionality; therefore, its *Iris Connex* argument must fail.")[2]; *My Health, Inc. v. ALR Techs., Inc.*, No. 2:16-cv-00535-RWS-RSP, 2019 U.S. Dist. LEXIS 94700, at *9 (E.D. Tex. 2019) ("*Iris Connex* involved facts that are simply not present in this case.").  Those decisions show that the *Iris Connex* holding is fact-dependent and not universally applied.  Defendants invite this Court to follow an inapplicable decision regarding a deceptive patent attorney to impose rare and extraordinary sanctions against a non-party here.  That invitation should be declined.

---

[2] "Exceptionality" is a term of art in patent litigation; its factors were considered both by the *Iris Connex* court and the *Stone Basket Innovations* court.

    ii. *There Is No Factual Basis to Sanction Mr. Helms.*

Defendants' factual arguments are even less availing.  Defendants, in the first 18 pages of their motion, routinely make conclusory statements about allegedly "criminal conduct."  And yet, the alleged bases for sanctions against Mr. Helms stated in the remaining two pages are mundane:

    (i) Mr. Helms hired attorneys with a reputation for defending white-collar healthcare claims [Mot. at 18];

    (ii) Mr. Helms's attorneys asserted "form" and other objections in his and other civil depositions [Mot. at 19]; and

    (iii) Mr. Helms instructed company witnesses to retain attorneys and had his in-house attorney participate in their deposition preparation [Mot. at 20].

These actions are no basis for sanctions.  Defendants' motion should be denied.

    (a) Mr. Helms' Retention of Counsel Does Not Give Rise to Sanctions In this Case.

Defendants' suggestion that Mr. Helms should be sanctioned for hiring counsel to represent him in this case is unsupported and absurd when one considers the allegations (albeit without proof) that the Defendants are making in this case.  In defending the claims against them, the Defendants are alleging that Mr. Helms and others engaged in fraudulent and criminal conduct.  Putting aside the fact that there is no evidence in support of these defensive claims and that no governmental agency agrees with the Defendants' position, it is not surprising (and certainly not sanctionable) that Mr. Helms would elect to hire an attorney with experience in health care law and with the kind of allegations being made by the Defendants in this case.  There is no case that supports the imposition of sanctions because someone has elected to exercise his rights to hire a lawyer.  This argument should be summarily dismissed.

(b) Objecting During Depositions Does Not Give Rise to Sanctions In this
Case

Second, Defendants' claim that counsel objected to "form" during Osteen's deposition is incorrect, misleading, and inflated.  *See* Mot. at 19.  The form objections were asserted in response to 13% of the total number of questions asked by Aetna's counsel.  Counsel made *no* "form" objection to approximately 87% of Aetna's questions posed to Osteen.[3]  It is not Mr. Helms' fault that counsel for the Defendants asked questions that necessitated a form objection.  Regardless, Defendants have suffered no harm as a result of the objections – the witness answered the questions.  The remedy (if there is one) for the objections is that if they were made improperly, the Court can overrule the inappropriate objections (if any) at trial.  Merely objecting to the form of questions at depositions does not give rise to sanctions.

Not only were objections properly made to only 13% of Aetna's questions, but were also stated concisely and in a nonargumentative and nonsuggestive manner in conformity with this Court's local rules.  *See* Local Court Rules, L.R. CV-30(b) (W.D. Texas Apr. 26, 2012) ("Objections during depositions shall be stated concisely and in a nonargumentative and nonsuggestive manner. An attorney shall not, in the presence of the deponent, make objections or statements that might suggest an answer to the deponent.").

There is particularly no basis to assess sanctions when Aetna has not challenged these objections through standard procedural mechanisms or motion practice.  Three months have now passed since the depositions occurred.  Defendants have not identified specific objections they contend should be overruled.  Sanctions should not be applied when a party has not exhausted less

---

[3]  Counsel has found no empirical data on the issue, but these percentages appear to be on par with a standard deposition in a commercial litigation case.

drastic remedies to correct discovery disputes.  On this record, the objections at issue remain procedurally correct and unchallenged.

Similarly, Defendants' claim that counsel "instructed Enciu not to answer [certain deposition questions was] without a basis" is false.  To the contrary, Enciu's counsel advised her not to answer in response to only five of more than 1,160 questions.  In each instance, counsel stated on the record the basis for the objection.  *See* Enciu Tr. at 13:25-14:3 ("attorney-client privilege, common interest privilege"); 14:7-10 ("attorney-client privilege, common interest privilege"); 19:5-8 ("attorney client privilege, common interest privilege and work product doctrine"); 20:22-25 ("attorney-client privilege, common interest privilege"); 80:21-24 (harassing and attorney-client privilege).

Defendants also claim that the common interest privilege does not apply because Torch's counsel "does not represent Enciu."  Mot. at 19.  But Aetna's argument again is unsupported by any citation to legal precedent.  The doctrine is standard and routinely invoked when two parties with common interests in civil litigation *are represented by different counsel.*  The doctrine is an extension of the attorney-client privilege that protects against the compelled disclosure of communications between two or more parties and/or their respective counsel when the parties are allied in a common legal interest.  *See Ferko v. NASCAR*, 219 F.R.D. 396, 401 (E.D. Tex. 2003); *Power Mosfet Techs v. Siemens AG*, 206 F.R.D. 422, 424 (E.D. Tex. 2000); *In re LTV Sec. Litig*, 89 F.R.D. 595, 604 (N.D. Tex. 1981).

Not only is Aetna apparently unaware of the doctrine, but it brazenly implies that  asserting form objections or the common-interest privilege is an indication of "coaching" a witness.  *See* Mot. at 19.  Far from it.  An attorney has an ethical duty to vigorously represent a witness or party in a deposition and to prevent the witness from revealing information that is protected by privilege.

There is no basis for sanctioning a party for invoking his rights under the rules and under applicable case law.

(c) Representation of Former Employees Does Not Give Rise to Sanctions.

Third and finally, Defendants contend—without any support—that the representation of former Victory employees by Mr. Helms's attorneys is somehow inappropriate. Joint representation of former employees of a business entity is not only appropriate in lawsuits such as this, but commonplace and routine. Mr. Helms reasonably feels a responsibility to his former employees, who have been dragged into a lawsuit and must take time from their lives to prepare for questions about events that occurred years ago. It should go without saying that the opportunity for these former employees to avail themselves of such representation was entirely voluntary and, indeed, some declined this invitation. Simply put, offering to provide counsel to represent former employees is not conduct that gives rise to sanctions.

Finally, Aetna alleges—without any evidence—that Mr. Helms somehow controls this litigation. The Plaintiff in this case is quite separate from. Mr. Helms and has separate counsel. There is simply no evidence to support the proposition that the Trustee is somehow controlled by Mr. Helms.

### III. CONCLUSION

For all the hyperbole and unsupported allegations made by Aetna, its motion against Mr. Helms is little more than a garden variety discovery dispute over the proper use of "form" objections in a deposition. Mr. Helms has every right to retain counsel with experience in white-collar healthcare matters given Aetna's conclusory allegations of alleged violations of federal law. And Mr. Helms' former employees are well within their rights to utilize the same lawyers or decline Mr. Helms' offer to furnish them with counsel. There is nothing surreptitious about joint

counsel.  Nor is their any misconduct in asserting the common interest privilege in civil litigation. Instead of attempting to tar Mr. Helms with a brush of alleged wrongdoing, Aetna should have filed a traditional motion to compel if it truly believed objections asserted in depositions should be overruled.  Three months have gone by, and Defendants have filed no such motion.  Mr. Helms is a non-party, not a controlling element. The record supports only that Mr. Helms is protecting his interests against vigorous accusations by Aetna.  Nothing pled factually or legally amounts to sanctionable conduct under Rule 11 or this Court's inherent powers.  Aetna's motion for sanctions lacks merit and should be denied in its entirety.

For these reasons, Non-Party Robert N. Helms, Jr. asks the Court to deny Defendants' Motion for Sanctions and to grant him such other and further relief, in law and equity, as the Court may determine he is due.

Respectfully submitted,

BECK │ REDDEN LLP

By: _/s/ Alistair B. Dawson_
       Alistair Dawson
       State Bar No. 05596100
       adawson@beckredden.com
       Hannah L. Roblyer
       State Bar No. 24106356
       hroblyer@beckredden.com
1221 McKinney, Suite 4500
Houston, Texas 77010
Telephone:  (713) 951-3700
Facsimile:   (713) 951-3730

GREGOR | CASSIDY | WYNNE, PLLC

By: */s/ Michael Wynne*

      Michael J. Wynne
      State Bar No. 00785289
909 Fannin Street, Suite 3800
Houston, TX 77010
Telephone: (281) 450-7403
mwynne@gcfirm.com

*COUNSEL FOR NON-PARTY ROBERT N. MR. HELMS, JR.*


## CERTIFICATE OF SERVICE

     This is to certify that on December 23, 2019, a true and correct copy of this response was served on all parties of record via ECF.

       By:     /s/ Alistair B. Dawson
                Alistair B. Dawson