IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| NEIL GILMOUR, III, TRUSTEE FOR THE GRANTOR TRUSTS OF VICTORY PARENT COMPANY, LLC, VICTORY MEDICAL CENTER CRAIG RANCH, LP, VICTORY MEDICAL CENTER LANDMARK, LP, VICTORY MEDICAL CENTER MID-CITIES, LP, VICTORY MEDICAL CENTER PLANO, LP, VICTORY MEDICAL CENTER SOUTHCROSS, LP, VICTORY SURGICAL HOSPITAL EAST HOUSTON, LP, AND VICTORY MEDICAL CENTER BEAUMONT, LP, | § § § § § § § § § § § § § | |
| *Plaintiffs*, | § § | JURY DEMANDED |
| VS. | § § | CIVIL ACTION NO. 5:17-cv-00510-FB |
| AETNA HEALTH, INC., AETNA HEALTH INSURANCE COMPANY, AND AETNA LIFE INSURANCE COMPANY, | § § § § § § | |
| *Defendants*. | § | |

## VICTORY'S OPPOSED MOTION TO COMPEL DISCOVERY

Neil Gilmour, III, solely in his capacity as Trustee for the Grantor Trusts of Victory Parent Company, LLC; Victory Medical Center Beaumont, LP; Victory Medical Center Craig Ranch, LP; Victory Medical Center Landmark, LP; Victory Medical Center Mid-Cities, LP; Victory Medical Center Plano, LP; Victory Medical Center Southcross, LP; and Victory Surgical Hospital East Houston, LP (collectively, "Victory" or "Plaintiffs") files this Opposed Motion to Compel a Response to Victory's Third Requests for Production ("Request")[1] from Defendants Aetna Health,

---

[1] A true and correct copy of the Request is attached hereto as Exhibit A.

**VICTORY'S OPPOSED MOTION TO COMPEL DISCOVERY– PAGE 1**

Inc., Aetna Health Insurance Company, and Aetna Life Insurance Company (collectively, Aetna"), and respectfully show the Court as follows.

## I.    Background

Plaintiffs are a group of hospitals that provided medical procedures, including complicated, high-cost orthopedic surgeries, to thousands of Aetna's plan members. Aetna underpaid Victory for numerous medical claims and Victory seeks to recover what it is owed. In its counterclaim, Aetna alleges that Victory engaged in a fraudulent billing scheme by, among other things, submitting excessive charges to Aetna for services that were unnecessary or that Victory did not actually perform.

Victory learned on June 25, 2019 that Aetna had recently received a grand jury subpoena from the United States Attorney's Office seeking documents relating to this litigation. Approximately two weeks later, on July 11, 2019, Aetna deposed Andrew Hillman regarding very limited statements he made about Victory while testifying at an unrelated criminal trial.[2] Aetna's focus on Mr. Hillman's limited statements about Victory at the Forest Park trial suggests there are communications between Aetna and the government about what they believed Mr. Hillman's testimony would be at his deposition in this action had he not asserted his Fifth Amendment privilege. Given the lack of evidence exchanged between the parties supporting Aetna's fraud counterclaim, the nature of Aetna's questions at depositions, including that of Mr. Hillman, suggests that (i) Aetna has some outside communications related to Victory and the government's investigation of those previously involved with Victory (such as Andrew Hillman) which are

---

[2] Mr. Hillman pled guilty to criminal charges in connection with a kickback scheme involving Forest Park Medical Center, a hospital system wholly unrelated to Victory. While testifying for the government in the Forest Park criminal trial, *United States v. Beauchamp, et al.*, Case No. 3:16-cr-00516-JJZ (N.D. Tex. filed Nov. 16, 2016), Mr. Hillman referred to Victory's business operations and conduct in passing. Aetna subsequently obtained leave of Court to depose Mr. Hillman, who was and is incarcerated, in this action about his knowledge of Victory's business operations.

**VICTORY'S OPPOSED MOTION TO COMPEL DISCOVERY– PAGE 2**

relevant to the instant case, and (ii) in light of such communications, Aetna has shifted the factual basis for its counterclaim.

After learning of these new developments, Victory timely served the Request seeking information directly related to its defense in this case: documents and communications exchanged between Aetna and the government (including, but not limited to, the United States Attorneys' Offices for the Western and Northern Districts of Texas and the Office of Inspector General) concerning Victory since January 1, 2017 ("Requested Information").  Victory could not have anticipated when it agreed on June 11, 2019—before it first became aware of the grand jury subpoena and prior to Mr. Hillman's deposition—that Aetna would subsequently obtain discoverable information through communications with the federal government about Victory and those with which it did business. Aetna refused to produce responsive documents and instead asserted baseless objections.[3]  Victory therefore requests that the Court compel Aetna to produce the Requested Information.

## II.  Arguments and Authorities

### A.  Information Exchanged Between Aetna and the Government is Highly Relevant to Victory's Defense.

The basis for Aetna's counterclaim is that Victory allegedly "engaged in a fraudulent scheme that duped Aetna into paying (or overpaying) for fraudulent claims."[4]  Aetna has acknowledged that information concerning Victory's purported fraudulent billing scheme is highly relevant to the issues before the Court.  Indeed, Aetna sought and obtained leave of Court to depose Mr. Hillman on the ground that he had "highly relevant evidence" about Victory's operations and

---

[3] A true and correct copy of Aetna's Responses and Objections are attached hereto as Exhibit B.
[4] Aetna's Opposed Mot. Leave to Depose Non-Party Witness in Prison [ECF No. 59] at 2.

**VICTORY'S OPPOSED MOTION TO COMPEL DISCOVERY– PAGE 3**

conduct "that Aetna seeks to use in this case."[5]  Aetna now disingenuously argues that the same information is irrelevant to Victory's defense.  Because the factual basis for Aetna's counterclaim is the subject of a federal investigation and grand jury subpoena directed to Aetna, documents and communications exchanged between Aetna and the government concerning Victory or those that conducted business with Victory are highly relevant to Victory's defense in this case and must be produced.  *See Junior Volleyball Ass'n of Austin v. Summit Hosting LLC*, No. 1:17-CV-756-LY, 2019 WL 1922049, at *1 (W.D. Tex. Mar. 15, 2019) ("'[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . .'") (quoting Fed. R. Civ. P. 26(b)); *Doss v. City of Kerrville*, Civ. No. SA-11-CA-116-FB, 2012 WL 13029588, at *1 (W.D. Tex. Feb. 13, 2012) ("[r]elevancy is broadly construed, and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party"); *see also Benevis, LLC v. Mauze & Bagby, PLLC*, No. 5:12-CV-36, 2015 WL 12763537, at *4, 6, 12 (S.D. Tex. Dec. 14, 2015) (documents concerning "government investigations into whether [plaintiff] committed Medicaid fraud" are relevant to a party's defamation defense and within the scope of discovery).

### B. Aetna Cannot Skirt its Discovery Obligations by Claiming that a Non-Party Has the Requested Information Too.

In refusing to produce relevant information, Aetna mischaracterizes Victory's document request and improperly shifts its discovery obligations to a non-party.  Victory does not, as Aetna erroneously claims, seek disclosure of matters occurring before the grand jury (*e.g.*, Aetna's production in response to the grand jury subpoena).  Rather, Victory requests all other relevant outside documents and communications exchanged between Aetna and any governmental body regarding Victory.  To the extent such information is in Aetna's possession, custody, or control,

---

[5] *Id*. at 9; *see also id*. at 3.

**VICTORY'S OPPOSED MOTION TO COMPEL DISCOVERY– PAGE 4**

Aetna must produce it.[6] *See* Fed. R. Civ. P. 26(b)(1); *In re Wirebound Boxes Antitrust Litig.*, 126 F.R.D. 554, 555-56 (D. Minn. 1989) (requiring disclosure of "documents which were produced independent of the grand jury"). Whether the information Victory properly requested is also available from a non-party is of no moment. Aetna should therefore be compelled to produce the Requested Information.

### C. Victory Promptly Requested Narrowly Tailored Discovery After It Learned About New Factual Developments.

Although the parties agreed not to serve written discovery pursuant to Federal Rules of Civil Procedure 33 and 34 after June 11, 2019, Victory could not have predicted at that time that it would need discovery from Aetna regarding a federal investigation into Victory's business operations. After learning about Aetna's involvement in the federal investigation of Victory and resulting shift in the factual basis of Aetna's counterclaim, Victory promptly sought limited additional discovery from Aetna concerning the recent developments. Aetna is not prejudiced by the Request because, notwithstanding the parties' stipulation, it was timely served before the close of discovery. Indeed, after Victory served the Request, Aetna served multiple subpoenas and additional requests for admissions. Further, compelling Aetna to respond to the Request would have little or no impact on the current scheduling order. Victory's Request is therefore timely given the circumstances. *See In re City of Dallas*, 445 S.W.3d 456, 468 (Tex. Ct. App. 2014) ("trial court's allowance of [ ] discovery on this [new] subject outside of the period provided by the scheduling order was not improper because the conduct giving rise to the need for discovery had not occurred until after the discovery deadline had passed"); *Compass iTech, LLC v. eVestment Alliance, LLC*, No. 14-81241, 2017 WL 1290849, at *4-5 (S.D. Fla. Mar. 24, 2017) (good cause

---

[6] Aetna has not indicated whether the government has taken a position regarding production of the Requested Information.

**VICTORY'S OPPOSED MOTION TO COMPEL DISCOVERY– PAGE 5**

shown to extend discovery deadline where records sought did not previously exist and party seeking discovery could not have predicted the need to obtain the information). Additionally, Aetna's Motion for Sanctions (filed after the close of discovery), which essentially alleges criminal conduct against Victory and its employees has further established the need for this information. These allegations, and Aetna's request that the Court strike the Trustee's pleadings, represent exceptional circumstances which establish that the Court should grant this Motion. *See* L.R.-CV-16(d).

Moreover, Victory's timely request was narrowly tailored in time and scope because it seeks information exchanged between Aetna and the government since shortly before Victory commenced this action. Accordingly, Aetna should be compelled to produce the Requested Information.

In accordance with Local Rule CV-7(i), counsel for Victory and counsel for Aetna have conferred in good faith attempts to resolve this matter by agreement, but an agreement was unable to be reached because counsel for Aetna indicated that they oppose the relief requested. Because information exchanged between Aetna and the government is relevant to Victory's defense, Victory presents this motion for the Court's intervention.

### III.   Conclusion

For these reasons, Victory prays that the Court grant this motion and compel Aetna to produce information it exchanged with the government concerning Victory since January 1, 2017. Victory requests all other relief to which it has shown itself entitled.

Dated: December 23, 2019

                Respectfully submitted,

                THOMPSON & KNIGHT LLP

                By:   */s/ Andrew Cookingham*
                    Jennifer Rudenick Ecklund
                    State Bar No. 24045626
                    Jennifer.Ecklund@tklaw.com

                    Andrew Cookingham
                    State Bar No. 24065077
                    Andrew.Cookingham@tklaw.com

                    Reed C. Randel
                    State Bar No. 24075780
                    Reed.Randel@tklaw.com

                    One Arts Plaza
                    1722 Routh Street, Suite 1500
                    Dallas, Texas 75201
                    (214) 969-1700
                    FAX (214) 969-1751

                ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF CONFERENCE

     In accordance with LR CV-7(i), on September 20, 2019 and December 23, 2019, Reed Randel, counsel for Victory, and M. Katherine Strahan, counsel for Aetna, conducted a regarding the issues presented in this motion, and the parties were not able to resolve those issues. Ms. Strahan confirmed that Aetna is opposed to Victory's motion to compel. Accordingly, Victory respectfully submits this motion to the Court for determination.

                    */s/ Reed C. Randel*
                    Reed C. Randel

**VICTORY'S OPPOSED MOTION TO COMPEL DISCOVERY– PAGE 7**

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 23, 2019, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court, Western District of Texas, using the CM/ECF system.

/s/ *Reed C. Randel*
Reed C. Randel