# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| NEIL GILMOUR, III, TRUSTEE FOR THE GRANTOR TRUSTS OF VICTORY PARENT COMPANY, LLC, VICTORY MEDICAL CENTER CRAIG RANCH, LP, VICTORY MEDICAL CENTER LANDMARK, LP, VICTORY MEDICAL CENTER MID-CITIES, LP, VICTORY MEDICAL CENTER PLANO, LP, VICTORY MEDICAL CENTER SOUTHCROSS, LP, VICTORY SURGICAL HOSPITAL EAST HOUSTON, LP, AND VICTORY MEDICAL CENTER BEAUMONT, LP, | § § § § § § § § § § § § § | |
| Plaintiffs, | § § § | CIVIL ACTION NO. 5:17-CV-00510-FB |
| v. | § § | |
| AETNA HEALTH INC., AETNA HEALTH INSURANCE COMPANY, AND AETNA LIFE INSURANCE COMPANY, | § § § § § § | |
| Defendants. | § | |

### DEFENDANTS' REPLY TO ROBERT N. HELMS, JR.'S RESPONSE TO DEFENDANTS' MOTION FOR SANCTIONS

OF COUNSEL:
HUNTON ANDREWS KURTH LLP

M. KATHERINE STRAHAN
State Bar No. 24013584
*kstrahan@huntonak.com*
ALLISON A. SJOBERG
State Bar No. 24089622
*asjoberg@huntonak.com*

JOHN B. SHELY
State Bar No. 18215300
600 Travis Street, Suite 4200
Houston, Texas 77002
Telephone: (713) 220-4105
Telecopier: (713) 220-4285
*jshely@huntonak.com*

ATTORNEY-IN-CHARGE FOR DEFENDANTS AETNA HEALTH INC., AETNA HEALTH INSURANCE COMPANY, AND AETNA LIFE INSURANCE COMPANY

## I. Summary of Arguments

Aetna seeks monetary sanctions against Robert N. Helms, Jr. ("Helms") under the Court's inherent powers for his role in pursuing this groundless suit against Aetna. Helms knows the billed charges that Plaintiff (the Trustee) seeks to recover on Victory's medical claims are fraudulent and has interfered with Aetna's efforts to discover the truth. In his Response, Helms does not dispute the evidence (1) of the physician remuneration for services performed at Victory or (2) that the enormous sums of money paid for these referrals, through implant or "marketing" vendors, rent payments, building financing, etc., ultimately caused Victory's financial collapse or (3) that those illicit expenses (that Helms himself has described as bogus and fraudulent) were passed on to Aetna—the victim. The pursuit of this groundless case to recover even more money from Aetna for these illicit expenses is thus sanctionable.

Nor does Helms dispute the fact that he ultimately stands to benefit from any recovery against Aetna. Helms' Response instead argues that Aetna has not shown that he controls this litigation, or that the Court's inherent power extends to non-parties under existing precedent, or that he inappropriately interfered in discovery. Helms is wrong on all counts.

## II. Reply Arguments

**A.   Helms has a "unique" role in this litigation as Collection Agent**

Although Helms is now understandably trying to distance himself from the control of this litigation, he took a different approach six months ago when he asked this Court to allow him (or his criminal defense lawyer) to attend the depositions of all third-party witnesses. At that time, Plaintiff and Helms urged the importance of Helms' involvement and argued thusly:

> The reason Mr. Helms has an important interest and, frankly, the reason that the trustee has an important interest in Mr. Helms attending [the depositions], is really twofold, one of which is . . . Mr. Helms is the largest creditor. . .

-1-

> And importantly . . . this is somewhat of a ***unique*** situation. . . . ***The [bankruptcy] plan actually recognizes Mr. Helms' status as a creditor and, in fact, gives him certain rights with respect to prosecution of litigation, particularly the requirement that he <u>consent to any resolution of the litigation</u>.*** And he also has to be informed regarding the prosecution of the collection action. And that leads to kind of the second point, which is . . . ***Mr. Helms is also affiliated with this litigation because he structured the collection agent called Torch Recovery Services, which has been instrumental in – it has custody of all of Victory's former records, all the patient records, all the files necessary to prosecute these claims and to defend against Aetna's counterclaims and offsets.***[1]

Of course, based on Aetna's claims of fraud and conspiracy, the Court denied Helms' request to attend the depositions (including his lawyer by proxy), so Helms found a way around it. As set forth in Aetna's Motion for Sanctions, Helms had his ***company*** lawyer contact the witnesses to recommend hiring his personal ***criminal*** lawyers to represent them and then had his in-house counsel attend the preparation sessions with the witnesses. Helms also seems to forget that he had his criminal lawyer "shut down" a deposition in July because Aetna objected to his attendance, compelling Aetna to file a motion for protective order. Helms has clearly injected himself into—and has exercised control of—this litigation whenever it suited him.

Furthermore, Helms leveraged his claimed "expertise" in healthcare administration to serve as Collection Agent (for a fee) in the prosecution of the claims against Aetna.[2] In fact, the Bankruptcy Plan's First Amended Joint Disclosure Statement states:

> [Helms] who has more than 40 years of experience in healthcare administration and . . . collecting out of network and ERISA receivables, will manage Helms-Patel LLC [d/b/a Torch Recovery Services]. The depth of knowledge from Helms and employees of [Torch] should

---

[1] DKT #89 at pp. 32-33 (emphasis added). In his written opposition to Aetna's Motion for Protective Order, Helms' criminal counsel also argued that "any amounts recovered in this lawsuit will directly benefit Mr. Helms . . . Mr. Helms is not a stranger to this case . . . he is crucial to the Trustee's prosecution and directly affected by the outcome." DKT #81 at p. 3.

[2] DKT #122-35, Aetna's Motion for Sanctions, Ex. 35 at p. 22 ("Overall Structure of the Plan").

provide substantial value in the . . . Receivables collected.[3]

Therefore, Helms set up a company to be paid for assisting the Plaintiff in pursuing Victory's accounts receivable, including the litigation against Aetna. Since Plaintiff testified that he relied upon Helms and Torch Recovery Services ("Torch") for their analysis in filing this suit, Helms is not beyond the Court's inherent powers to impose sanctions for abuse of the judicial process by driving the pursuit of groundless claims in bad faith.[4]

**B.    Published authority in this circuit supports sanctions against Helms**

Next, Helms alleges that courts are divided as to whether they can impose sanctions against non-parties under their inherent powers. Helms does not cite a single case, however, that rejects the well-reasoned opinion in *Iris Connex, LLC v. Dell, Inc.*, 235 F. Supp. 3d 826, 852, 858-59 (E.D. Tex. 2017), sanctioning a non-party who had a substantial interest in the outcome of, and substantially participated in, the litigation. At most, Helms offers cases with factual distinctions, and this is a fact-intensive inquiry.[5] Here, Helms created Torch for the sole purpose of managing the litigation against payers (for a fee) while retaining control over the discovery process, including the records maintained and produced, as well as corporate representatives and accounts receivable analyses. Helms has used Torch to hide his fraud by producing unknowledgeable corporate representatives and refusing to produce relevant documents like medical records and expense details prior to 2014.[6] *See, e.g., Iris Connex*, 235

---

[3] DKT #122-35, Aetna's Motion for Sanctions, Ex. 35 at p. 41.

[4] *See* DKT #122, Aetna's Motion for Sanctions, at Section D.

[5] *Cf. Mercury Air Grp., Inc. v. Mansour*, 237 F.3d 542, 548 (5th Cir. 2001). *See also F.D.I.C. v. Maxxam, Inc.*, 523 F.3d 566, 590 (2008) (abuse-of-discretion standard).

[6] Respondents claimed not to have additional medical records until Aetna pointed out that Victory is required to retain them for ten years by statute, and then they refused to produce them based on relevance. *See* DKT #108-6, Ex. E to Aetna's Motion to Compel (email from Plaintiff's

F. Supp. 3d at 860 ("[O]ne cannot abuse the judicial process through the creation of shell entities to facilitate the assertion of otherwise meritless claims as part of a scheme to avoid the risks that Section 285 creates."). Such conduct is clear evidence of bad faith.

**C.     Helms' orchestration of third-party testimony is further evidence of bad faith**

As egregiously, Helms orchestrated legal representation (i.e., his criminal counsel) for several other former Victory executives that Aetna sought to depose, and then had an in-house lawyer for Torch, Korri Bryant, attend preparation meetings with the witnesses. Those witnesses subsequently "could not recall" virtually anything about their experience with Victory, raising serious questions about what transpired during the preparation sessions. When Aetna questioned Donne Enciu about what was discussed during those meetings, Helms' counsel instructed the witness not to answer, citing attorney-client and common-interest privileges. Helms' Response does not explain the witnesses' supposed memory lapses but argues that the common-interest privilege shields anything discussed in Bryant's presence. But the circumstances here do not support assertion of the common interest privilege, and Helms' interference in these depositions frustrated Aetna's ability to defend the claims against it.

First, Bryant is an in-house attorney employed by Torch, which is her client. She was **not** retained to represent Enciu. Accordingly, Bryant's presence at Enciu's deposition preparation session with her lawyer, Mr. Kinchen, waived the attorney-client privilege with respect to any matters discussed at that meeting unless Enciu shared a common legal interest with Bryant's client, Torch. *In re Santa Fe Int'l Corp.,* 272 F.3d 705, 710 (5th Cir. 2001).

---

counsel). Additionally, Plaintiff's counsel advised that there was no expense detail available for 2012 or 2013. *Id.* Plaintiff's corporate representative confirmed in deposition that Torch no longer has that detail prior to 2014, which raises questions of spoliation. *See* Rule 37(e).

The common legal interest privilege protects only two types of communications: (1) communications between co-defendants in actual, pending litigation and their counsel; and (2) communications between "potential" co-defendants and their counsel. *Id*. at 710. The Fifth Circuit cautions that the term "potential" must be construed narrowly. *Id.* At a minimum, "there must be a palpable threat of litigation at the time of the communication, rather than a mere awareness that one's questionable conduct might . . . result in litigation." *Id.* at 711.

Torch and Encui are not co-defendants, nor could Enciu make any credible argument that there is a "palpable threat" of future litigation in which she and **Torch** may share a common interest. Torch is an entity created for the purpose of "maximizing" collections in Victory's bankruptcy, was created *after* the conduct giving rise to the fraud claim took place, and shares no common interest with Enciu (or any other former Victory executive) with respect to any future litigation in which those individuals might possibly be named as defendants.[7]

Accordingly, the joint preparation for Enciu's deposition was not privileged. Helms was effectively coordinating witness testimony and thwarting Aetna's efforts to get to the truth without justification, which is further evidence of bad faith. Nor did Aetna need to move to compel (as Helms suggests) in order to rely on that conduct here. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 50-51 (1991) (noting that requiring the court first to apply the rules to discrete instances of sanctionable conduct would foster needless and satellite litigation). For Helms' bad faith abuse of the judicial process, the Court should award Aetna its attorneys' fees and costs in this case. *See Iris Connex*, 235 F. Supp. 3d at 860.

---

[7] *See, e.g., Sparling v. Doyle,* No. EP-13-CV-323-DCG, 2014 WL 12489987, at *15 (W.D. Tex. Aug. 18, 2014).

OF COUNSEL:
HUNTON ANDREWS KURTH LLP

M. KATHERINE STRAHAN
Texas Bar No. 24013584
*kstrahan@huntonak.com*
ALLISON A. SJOBERG
State Bar No. 24089622
*asjoberg@huntonak.com*

Respectfully submitted,

By: */s/ John B. Shely*
JOHN B. SHELY
Texas Bar No. 18215300
600 Travis, Suite 4200
Houston, Texas 77002
Telephone: (713) 220-4105
Facsimile:  (713) 220-4285
*jshely@huntonak.com*

ATTORNEY-IN-CHARGE FOR
DEFENDANTS AETNA HEALTH INC.,
AETNA HEALTH INSURANCE
COMPANY, AND AETNA LIFE
INSURANCE COMPANY

**CERTIFICATE OF SERVICE**

I hereby certify that on December 30, 2019, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court, Western District of Texas, using the CM/ECF system. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who are known "Filing Users:"

Jennifer Rudenick Ecklund
*Jennifer.Ecklund@tklaw.com*
Andrew Cookingham
*Andrew.Cookingham@tklaw.com*
Reed C. Randel
*Reed.Randel@tklaw.com*

Michael J. Wynne
*mwynne@gcfirm.com*

Alistair B. Dawson
*adawson@beckredden.com*

>                      */s/ John B. Shely*
>                      John B. Shely