IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| NEIL GILMOUR, III, TRUSTEE FOR THE GRANTOR TRUSTS OF VICTORY PARENT COMPANY, LLC, VICTORY MEDICAL CENTER CRAIG RANCH, LP, VICTORY MEDICAL CENTER LANDMARK, LP, VICTORY MEDICAL CENTER MID-CITIES, LP, VICTORY MEDICAL CENTER PLANO, LP, VICTORY MEDICAL CENTER SOUTHCROSS, LP, VICTORY SURGICAL HOSPITAL EAST HOUSTON, LP, AND VICTORY MEDICAL CENTER BEAUMONT, LP, | § § § § § § § § § § § § § | |
| | § | CIVIL ACTION NO. 5:17-CV-00510-FB |
| Plaintiffs, | § § § | |
| v. | § § | |
| AETNA HEALTH INC., AETNA HEALTH INSURANCE COMPANY, AND AETNA LIFE INSURANCE COMPANY, | § § § § § § | |
| Defendants. | § | |

**DEFENDANTS' REPLY TO THE TRUSTEE'S RESPONSE TO DEFENDANTS' MOTION FOR SANCTIONS**

OF COUNSEL:
HUNTON ANDREWS KURTH LLP

M. KATHERINE STRAHAN
State Bar No. 24013584
*kstrahan@huntonak.com*
ALLISON A. SJOBERG
State Bar No. 24089622
*asjoberg@huntonak.com*

JOHN B. SHELY
State Bar No. 18215300
600 Travis Street, Suite 4200
Houston, Texas 77002
Telephone: (713) 220-4105
Telecopier: (713) 220-4285
*jshely@huntonak.com*

ATTORNEY-IN-CHARGE FOR DEFENDANTS
AETNA HEALTH INC., AETNA HEALTH
INSURANCE COMPANY, AND AETNA LIFE
INSURANCE COMPANY

011168.0268748 HOU 3964973v1

### I.  SUMMARY OF REPLY ARGUMENTS

Plaintiff's Response fails to recognize the bases for Aetna's Motion. Aetna did not move for sanctions on the merits of its fraud claims, which, incidentally, ***have not been*** rejected by the Fifth Circuit as Plaintiff falsely asserts. Aetna moved for sanctions because (1) Plaintiff continues to pursue claims *against Aetna* that lack any evidentiary support, and (2) Plaintiff and Helms ("Respondents") are pursuing recovery of billed charges on medical claims that based on ***their own admissions*** are at least tainted by "fraud,"[1] "gouging,"[2] and "kickback arrangements,"[3] while thwarting Aetna's attempts to develop that evidence further. In other words, even if Aetna could not prevail on each element of its fraud claims or defenses (it can), Respondents' conduct is still sanctionable on this record.

Indeed, forcing Aetna to defend this case is conduct to be deterred. Once out of bankruptcy, Plaintiff sued every major commercial health plan on Victory's accounts receivable, apparently hoping that he could extract a settlement before the facts emerged. Aetna and the self-funded plans it administers (i.e., the funds of employers and their employees) paid Victory over $52 million for the patients at issue alone, and, in defense of this suit, Aetna has fought to expose Victory's business practices with the evidence of fraud and price gouging now presented, at great expense. Plaintiff has no answer for any of this evidence, except to say that Hillman's testimony is inadmissible and, incredibly, that Aetna is somehow working with the government to intimidate Victory. Plaintiff's suggestions are desperate and unfounded (to say the least). He deflects because he has nothing else.

---

[1] DKT #122-15, Ex. 21 to Aetna's Motion (Helms' allegations about O'Neal's marketing).

[2] DKT #122-15, Ex. 20 to Aetna's Motion (Helms' email regarding payments to physicians).

[3] DKT #122-15, Ex. 15 to Aetna's Motion (Plaintiff's allegation regarding implant charges).

-1-

## I.     REPLY ARGUMENTS

### A.     Plaintiff's cases establish the authority to sanction Plaintiff on this record

#### 1.     *Plaintiff must be sanctioned under Rule 11 for pursuing groundless claims*

First, Plaintiff suggests that Aetna is not challenging whether Plaintiff asserted "factually and legally indefensible claims" under Rule 11. To the contrary, one of the clear grounds in Aetna's Motion is that Plaintiff has asserted wholly unsubstantiated claims of underpayments for which there is no evidentiary support—specifically, claims based on nothing more than an arbitrary percentage of billed charges "acceptable" to Helms without any reference to plan terms at all. (Aetna's Motion, Section III.B.) Aetna further explained that Plaintiff's ultimate theory is totally divorced from Plaintiff's pleading, and there has been no production of any review of patient accounts to support any reasonable belief in that claim. This finding alone supports sanctions under Rule 11. *See Mercury Air Grp., Inc. v. Mansour*, 237 F.3d 542, 548-49 (5th Cir. 2001) (affirming district court's award of sanctions under Rule 11 where, despite investigation, non-movant lacked evidentiary support).

Far from simply re-urging its summary judgment motion as Plaintiff alleges, Aetna's Motion shows how Plaintiff's filing of meritless claims for underpayments was objectively unreasonable and/or certainly done for improper purposes. Plaintiff is a sophisticated financial consultant who has failed to demonstrate, through affidavit or otherwise, any analysis upon which he relied to bring this suit. Plaintiff's Response speaks generally about bankruptcy evaluations but produces nothing specific whatsoever. And in deposition, Plaintiff testified that he relied upon Helms and his employees to perform an underpayment analysis, but Plaintiff cannot reasonably rely on them based on the evidence of Victory's fraud. Instead of dropping this case when confronted with much of this evidence at his

deposition, Plaintiff continues to pursue money from Aetna (the victim) that would go to Helms, further enabling him to benefit from fraud. *Id.* at 548 (noting that the imposition of sanctions is "often a fact-intensive inquiry [] for which the trial court [has] wide discretion").

 2. *Respondents may be sanctioned for bad faith abuse of the judicial process*

Regarding the Court's authority to impose sanctions against a party under its inherent powers, Plaintiff alleges that the Court must make specific findings that the party acted in bad faith. Aetna's Motion easily demonstrates that evidence:

- Plaintiff's Complaint alleged that Aetna's implant payments did not cover Victory's costs, then Respondents produced a corporate representative who knew nothing about those costs paid even to "related entities;"
- Respondents alleged in other pleadings that Victory was defrauded by L2 Surgical and paid excessive costs for implants—costs for which Respondents seek to recover from Aetna while refusing to produce cost information;
- The Trustee used the money he collected from the suit against L2 Surgical to sue Aetna and other payers—instead of reimbursing those payers;
- Plaintiff opposes the admissibility of Hillman's testimony regarding Victory's payments to physicians but Respondents produced a corporate representative who knew nothing about Victory's relationship with those very physicians;
- Respondents are pursuing claims for charges for services that Victory's CFO testified Victory knew were "unessential" for the care of the member;
- Respondents are pursuing charges that include "bogus" payments to O'Neal;
- Respondents are pursuing claims with higher billed charges than originally billed to Aetna without telling Aetna because of raising "red flags;"
- Plaintiff's only response to the findings of *six* independent experts regarding Victory's fraudulent and unreasonable billing practices is to say they "cherry-picked" the records, but Respondents refuse to produce all of the records.

Even after Aetna served its Motion for Sanctions in early October, this suit persists. While fraud is typically a fact issue for trial, the Court can—and should—find bad faith on this record. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 50-51 (1991) (finding that district court acted within its discretion in awarding sanctions in the form of attorneys' fees for conduct occurring throughout the litigation under its inherent powers).

### B. The Fifth Circuit has not rejected Aetna's fraud arguments[4]

Unable to address the evidence, Plaintiff's primary defense to the Motion is based on a false description of Fifth Circuit authority regarding allegations of physician kickbacks. Plaintiff incorrectly says (and reiterates throughout his Response) that the Fifth Circuit has "already heard Aetna's arguments about the fraudulent kick-back scheme and held the theory as incapable of establishing fraud" in *North Cypress v. Aetna*, 898 F.3d 461 (5th Cir. 2018). Unbelievably, in defending a sanctions motion, Plaintiff misrepresents *North Cypress*.

First, the Fifth Circuit addressed the merits of only one fraud theory—waiver of patient fees—finding that the evidence negated reasonable reliance. Both the allegations of fee-waiver (there, a "prompt pay discount") and the pre-suit information provided to Aetna in that case were completely different than the evidence here. For example, albeit disputed, the Fifth Circuit found that the hospital had repeatedly told Aetna about its prompt-pay discount program. *Id.* at 470-72. There is **_no_** such allegation (much less evidence) of disclosure of Victory's fee-waiver practices to Aetna here. The facts are not even remotely similar.

Second, regarding allegations of physician kickbacks, the Fifth Circuit considered only whether the district court abused its discretion in excluding evidence of physician compensation for referrals based on the pleaded fraud theory, namely, fee-waiver. *Id.* at 477. The kickback schemes discovered in the litigation (which are not the same here) were the subject of a proposed amended pleading, and the Fifth Circuit upheld the district court's denial of leave to amend the pleadings to add these schemes because they were already the

---

[4] Ironically, Plaintiff asks the Court to focus on *North Cypress*, which is easily distinguishable, yet runs in the other direction from the *Forest Park* case—which included the same players and kickback schemes as the case here.

subject of another, currently pending lawsuit. *Id.* at 479. There are no procedural similarities here as Aetna's counterclaim (¶11) includes allegations of kickbacks. But, regardless, the Fifth Circuit did not "reject" any fraud theory as a matter of law, and certainly not those here.

Plaintiff also asserts, falsely, that "[c]ounsel for Aetna has [] unsuccessfully employed this very sanctions motion strategy before while representing a different insurer," citing *Connecticut Gen. Life Ins. Co. v. Humble Surgical Hosp., LLC*, 878 F.3d 478 (5th Cir. 2017). Resp., p. 7. There was no Rule 11 motion for sanctions in that case. While the same district court judge dismissed Cigna's fraud claims and excluded evidence of kickbacks, the Fifth Circuit **reversed and remanded** Cigna's claim to determine whether the hospital affirmatively misrepresented its actual charges by overbilling Cigna. *Id.* at 487-88. Notably, another district court found that Aetna **was entitled to over $12 million in damages based on this same hospital's physician kickback scheme**.[5]

Plaintiff's efforts to turn this on Aetna do not work. Neither *North Cypress* nor *Humble* provides any justification for Plaintiff suing Aetna to recover more money on charges that include "fraudulent" implant and marketing costs based on Victory's own admissions. That is bad faith in a nutshell. And, if anything, *North Cypress* illustrates that Plaintiff's claims lack merit since the Fifth Circuit upheld the judgment in Aetna's favor on North Cypress' ERISA claims, stating that it "had access to every plan at issue, but it has not identified a single claim where Aetna underpaid it under the terms of those plans." *North Cypress*, 898 F.3d at 482. The same is true here. Aetna is entitled to an award of its attorneys' fees and expenses incurred in this case as sanctions for Respondents' conduct.

---

[5] *Aetna Life Ins. Co. v. Humble Surgical Hosp.,* No. H-12-1206, 2016 WL 7496743, at *2 (S.D. Tex. Dec. 31, 2016).

|  |  |
|---|---|
| OF COUNSEL:<br>HUNTON ANDREWS KURTH LLP<br><br>M. KATHERINE STRAHAN<br>Texas Bar No. 24013584<br>*kstrahan@huntonak.com*<br>ALLISON A. SJOBERG<br>State Bar No. 24089622<br>*asjoberg@huntonak.com* | Respectfully submitted,<br><br>By: */s/ John B. Shely*<br>JOHN B. SHELY<br>Texas Bar No. 18215300<br>HUNTON ANDREWS KURTH LLP<br>600 Travis, Suite 4200<br>Houston, Texas 77002<br>Telephone: (713) 220-4105<br>Facsimile:  (713) 220-4285<br>*jshely@huntonak.com*<br><br>ATTORNEY-IN-CHARGE FOR DEFENDANTS AETNA HEALTH INC., AETNA HEALTH INSURANCE COMPANY, AND AETNA LIFE INSURANCE COMPANY |

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2019, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court, Western District of Texas, using the CM/ECF system. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who are known "Filing Users:"

Jennifer Rudenick Ecklund
*Jennifer.Ecklund@tklaw.com*
Andrew Cookingham
*Andrew.Cookingham@tklaw.com*
Reed C. Randel
*Reed.Randel@tklaw.com*

Michael J. Wynne
*mwynne@gcfirm.com*

Alistair B. Dawson
*adawson@beckredden.com*

*/s/ John B. Shely*
John B. Shely