# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **NEIL GILMOUR, III, TRUSTEE FOR THE GRANTOR TRUSTS OF VICTORY PARENT COMPANY, LLC, VICTORY MEDICAL CENTER CRAIG RANCH, LP, VICTORY MEDICAL CENTER LANDMARK, LP, VICTORY MEDICAL CENTER MID-CITIES, LP, VICTORY MEDICAL CENTER PLANO, LP, VICTORY MEDICAL CENTER SOUTHCROSS, LP, VICTORY SURGICAL HOSPITAL EAST HOUSTON, LP, AND VICTORY MEDICAL CENTER BEAUMONT, LP,** | § § § § § § § § § § § § § § | |
| | § | **CIVIL ACTION NO. 5:17-CV-00510-FB** |
| Plaintiffs, | § § | |
| v. | § § | |
| **AETNA HEALTH INC., AETNA HEALTH INSURANCE COMPANY, AND AETNA LIFE INSURANCE COMPANY,** | § § § § § | |
| Defendants. | § § | |

---

## DEFENDANTS' RESPONSE TO VICTORY'S OPPOSED MOTION TO COMPEL DISCOVERY

---

OF COUNSEL:
HUNTON ANDREWS KURTH LLP
    and
M. KATHERINE STRAHAN
State Bar No. 24013584
*kstrahan@huntonak.com*
ALLISON A. SJOBERG
State Bar No. 24089622
*asjoberg@huntonak.com*

JOHN B. SHELY
State Bar No. 18215300
600 Travis Street, Suite 4200
Houston, Texas 77002
Telephone: (713) 220-4105
Telecopier: (713) 220-4285
*jshely@huntonak.com*

ATTORNEY-IN-CHARGE FOR
DEFENDANTS AETNA HEALTH INC.,
AETNA HEALTH INSURANCE COMPANY,
AND AETNA LIFE INSURANCE COMPANY

Defendants Aetna Health Inc., Aetna Health Insurance Company, and Aetna Life Insurance Company ("*Aetna*") file this response to the Motion to Compel filed by Plaintiffs Neil Gilmour, III ("Plaintiff"), Trustee for the Grantor Trusts of Victory Parent Company, LLC, Victory Medical Center Craig Ranch, LP, Victory Medical Center Landmark, LP, Victory Medical Center Mid-Cities, LP, Victory Medical Center Plano, LP, Victory Medical Center Southcross, LP, Victory Surgical Hospital East Houston, LP, and Victory Medical Center Beaumont, LP ("*Victory*").

## I. INTRODUCTION

In his Third Request for Production – served *after* the deadline for serving Rule 34 requests – Plaintiff demanded that Aetna produce all documents and communications exchanged between itself, its counsel and the federal government concerning Victory over the course of the last three years.  The request was not limited to matters related to this lawsuit.  It was not limited to communications with any particular government agency.  It was not limited in scope or subject matter.  And Plaintiff did not even attempt to tie the request to any claim or defense that is actually pending in this civil litigation, leaving no doubt it was propounded solely to satisfy Victory's curiosity about the status of the government's pending criminal investigation into Victory's business practices.  When Aetna objected (and pointed out that Plaintiff himself had objected to providing similar information), Plaintiff wisely backed down and chose not to file a motion to compel.

Though nothing has changed since the parties' initial exchange, Plaintiff has now, three months later, inexplicably decided to pursue production of these confidential and ultimately irrelevant communications.  If Victory wants information about the status of the government's criminal investigation, it should go straight to the source – the government itself – who is in

the best position to determine what can and should be disclosed without hampering an ongoing grand jury investigation.  The Court should decline Plaintiff's invitation to make Aetna an unwilling conduit of this information, which has absolutely no relevance to this lawsuit, and should deny Plaintiff's Motion to Compel.

## II. FACTUAL BACKGROUND

On June 25, 2019, consistent with its obligations under the parties' Agreed Protective Order, Aetna notified Plaintiff that it received a grand jury subpoena from the United States Attorney for the Western District of Texas seeking information related to the present litigation.[1]  Plaintiff raised no immediate concern regarding the Subpoena, nor did he request copies of the records to be produced or any communications between Aetna and the federal government related to the investigation.  While the parties had stipulated two weeks prior that they would not serve any additional requests for production under Rule 34,[2] Plaintiff did not ask to be released from that agreement or otherwise indicate that additional discovery would be necessary.

Nearly two months went by before Plaintiff served his Third Requests for Production, which sought "[a]ll Documents and Communications exchanged between You (or Your attorneys acting on Your behalf) and the federal government (including but not limited to, the U.S. Attorneys' Offices for the Western and Northern Districts of Texas and the Office of Inspector General) concerning Victory since January 1, 2017."[3]  Aetna objected to providing

---

[1] Letter from Kathy Strahan to Thompson & Knight LLP dated June 25, 2019, attached as ***Exhibit A***.

[2] Joint Stipulation Regarding Written Discovery (June 11, 2019), attached as ***Exhibit B***.

[3] Victory's Third Requests for Production (August 19, 2019), attached as ***Exhibit C.***

this information on various grounds, including that the request was untimely; that the information was related to a confidential grand jury investigation; and that it had no bearing on the claims and defenses asserted in this action.[4]   Aetna also reminded Plaintiff that he had, himself, objected to producing the same information to Aetna (even though the information, coming from Plaintiff as opposed to Aetna, actually would have been relevant).[5]   Plaintiff ultimately advised that he would not file a motion to compel, operating under the assumption that Aetna had already produced, before the close of discovery, "all documents that it contends support its counterclaims related to offset and fraud."[6]

Aetna has not produced any additional information to support its counterclaims since that time.  Nonetheless, more than three months later and on the eve of the Christmas holiday, Plaintiff filed a motion to compel Aetna to produce the very information he previously agreed not to pursue.  Aetna does not know what prompted Plaintiff's sudden change in position, but it certainly was not a result of any recent or unanticipated action by Aetna.

### III. ARGUMENT AND AUTHORITIES

A. **Both Plaintiff's Motion and the Discovery He Seeks to Compel Are Untimely.**

Plaintiff's Motion should be denied as untimely, because both the motion itself and the requests at issue were served outside the deadlines contained in the Local Rules, the Court's Scheduling Order, and the parties' stipulation regarding additional discovery.

---

[4] Defendants' Objections to Victory's Third Requests for Production (September 18, 2019), attached as ***Exhibit D***.

[5] Email from Kathy Strahan to Reed Randel dated September 20, 2019, attached as ***Exhibit E***; *see also* Victory's Objections to Defendants' Notice of Corporate Representative Deposition of Plaintiffs, attached as ***Exhibit F.***

[6] Email from Reed Randel to Kathy Strahan dated September 20, 2019, attached as ***Exhibit E.***

On June 11, 2019, the parties executed a Joint Stipulation Regarding Written Discovery.  While the parties agreed to extend the discovery deadline to September 20, 2019, they expressly agreed that "there will be no new written discovery served under Federal Rules of Civil Procedure 33 and 34."[7]  Victory's Third Request for Production was served more than 60 days after the deadline agreed upon by the parties, on August 19, 2019.  Aetna was under no obligation to provide information in response to that request.

Plaintiff argues that he did not learn of Aetna's "involvement" in the federal government's investigation of Victory until after the Stipulation was executed, and acted "promptly" to pursue additional discovery upon learning of new developments.  But Aetna notified Plaintiff's counsel that it had received a grand jury subpoena on June 25, 2019, nearly *two months* before Plaintiff served his untimely Third Request for Production.  And Aetna deposed Andrew Hillman (the second supposed "new development" identified by Plaintiff in his Motion) on July 11, 2019, more than a month before Plaintiff decided to seek discovery of Aetna's communications with the federal government.  During the intervening time period, Plaintiff neither sought to revisit the Stipulation with Aetna, nor sought relief from the Court to extend the discovery deadline.  Plaintiff cannot credibly claim that his August 2019 discovery request was prompted by any new or unanticipated developments.

Plaintiff's Motion to Compel, filed more than three months after the close of discovery,

---

[7] *See **Exhibit B***, Joint Stipulation Regarding Written Discovery.  Plaintiff points out that Aetna also served discovery (subpoenas and requests for admission) after the parties' June 11, 2019 Stipulation, but the parties had stipulated ***only*** that they would not serve further interrogatories and requests for production under Rules 33 and 34.  Aetna's service of Rule 45 subpoenas and requests for admission did not violate the parties' agreement regarding further discovery.

4

is likewise untimely.[8]  Aetna served its objections to Plaintiff's Third Request for Production

on September 18, 2019, before discovery closed, and Plaintiff has identified no reason why he

waited until December 23, 2019 to file a motion to compel.  Indeed, Plaintiff apparently

considered filing a motion as early as September 20, 2019, but ultimately decided not to do

so.[9]  Unlike the circumstances that gave rise to Aetna's Motion to Compel, there have been no

interim developments that justify Plaintiff's renewed interest in this information.[10]

**B.**     **Aetna's Communications with the Government are Not Relevant.**

Even if Plaintiff's Motion and requests were not untimely, Aetna's communications

with the federal government are not relevant in this civil case.

First, any information Aetna may have provided to the federal government concerning

Victory has no impact upon the claims and defenses asserted by either party in this action.[11]

---

[8] *See* L.R. CV-16(d), requiring that Motions to Compel be filed within 7 days of the close of discovery.

[9] *See* ***Exhibit E.***

[10] The situation presented by this Motion is dramatically different from that presented by Aetna's own Motion to Compel, filed on November 22, 2019 (Docket No. 108).  In connection with that Motion Aetna seeks, among other things, information that was identified during the deposition of Plaintiff's corporate representative – delayed, at Plaintiff's insistence, until November 18, 2019.  Aetna filed its Motion to Compel four days later, and pursuant to the parties' Stipulation in which they expressly reserved the right to pursue, through motion practice, documents "identified by witnesses during depositions."     *See **Exhibit B,*** Joint Stipulation Regarding Written Discovery.  Additionally, Aetna seeks medical records directly in response to arguments made in Plaintiff's summary judgment motion, in which he accuses Aetna of "cherry picking" medical records when he has refused to produce a complete record.  Aetna detailed these exceptional circumstances, which warrant court relief after the close of discovery, in its Reply Brief in support of its Motion to Compel (Docket No. 136).  Plaintiff, in contrast, can point to nothing that occurred after September 20, 2019, when he initially decided not to file a motion to compel Aetna's communications with the federal government.  If Plaintiff is correct that Aetna's delay was not excusable (which he is not), Plaintiff's Motion is most certainly untimely as well.

[11] In any event, the grand jury subpoena sought information related to this litigation.  Aetna has not provided any information to the federal government that is not already in Victory's possession.

Plaintiff has not even attempted to demonstrate how it could, other than to point out that both Aetna and the federal government apparently believe that Victory was engaged in health care fraud.   While Victory is understandably interested in the status of the government's investigation, its curiosity does not render those materials relevant and discoverable in this case.

Any information the federal government may have provided to Aetna is likewise irrelevant,[12] except to the extent Aetna intends to rely upon that information in prosecuting or defending this case.  If Plaintiff needs reassurance that Aetna will not ambush him, he need look no further than the safeguards contained in the Federal Rules of Civil Procedure.  If the government gave Aetna information it was using to prosecute or defend this case (which it has not), Aetna would be required to produce that information to Plaintiff in advance of trial.  Aetna has produced no such information, because it does not exist.  The only information upon which Aetna intends to rely in the case was obtained from public records, from Aetna's own internal files, from other lawsuits filed by Victory, and from Plaintiff himself in the course of discovery.

---

[12] The cases Plaintiff cites are inapposite.  In *Benevis, LLC v. Mauze & Bagby, PLLC,* No. 5:12-CV-36, 2015 WL 12763537, at *12 (S.D. Tex. Dec. 14, 2015), for example, the Court found that information related to a government investigation was relevant to determine whether the defendant's allegedly defamatory statements (that the plaintiff had engaged in Medicaid fraud) were defensible as true.  The requests further sought communications between the government and the subject of the fraud investigation itself, and made no mention of grand jury proceedings, which would not have been subject to an investigational privilege.  The files at issue in *In re Wirebound Boxes Antitrust Litig.,* 126 F.R.D. 554, 556-57 (D. Minn. 1989) also were in the possession of the subjects of the grand jury investigation, not a third party from which the government sought additional information.

Plaintiff's conspiracy theory – that Aetna must have received some inside information from the government concerning Andrew Hillman and his business dealings at Victory – is flatly unconvincing.  Aetna learned of Mr. Hillman's testimony shortly after he testified in open court during a ***public*** criminal trial, and obtained copies of the trial transcripts ***from the Court reporter.***  It is also worth noting the Factual Resume that accompanied Mr. Hillman's plea agreement, which was publicly filed on September 24, 2018, specifically identified the fraudulent kickback scheme carried out by Mr. Hillman and others at Victory.[13]  Aetna's subsequent decision to depose Mr. Hillman in prison, and to question him on the very same topics about which he testified during the *Beauchamp* trial, was driven by the information contained in those public documents.  Any "shift" in the focus of Aetna's Counterclaim was a result of the additional details Mr. Hillman provided in his testimony, not conversations between Aetna and the federal government.  Plaintiff's wholly unsubstantiated accusations that Aetna is essentially conspiring with the government only provide further support for Aetna's pending request for sanctions.

Finally, even Plaintiff previously admitted that the parties' communications with the government are not relevant to the claims and defenses asserted in this proceeding.  In its Notice of Corporate Representative Deposition of Plaintiff, Aetna requested that Plaintiff produce a corporate designee to testify regarding "[a]ny investigations or inquiries by any state

---

[13] Factual Resume from Case No. 3:16-CR-00516-JJZ, Docket No. 715, attached as ***Exhibit G.***

7

or federal governmental entities regarding Plaintiffs."[14]  Plaintiff objected to providing a corporate representative on this topic, arguing:

> Victory objects to this topic because it is overbroad and unduly burdensome, because it is not limited (1) in time or (2) to the claims at issue in this Lawsuit. Victory further objects to this topic as seeking information that is not relevant or likely to lead to the discovery of admissible evidence.  Victory further objects to this topic as vague and ambiguous, particularly as to the phrases "investigations" or "inquiries."  Victory further objects to this topic to the extent it could encompass testimony that is protected from disclosure by the attorney-client and/or work product privileges, and/or statutory or investigative privileges.[15]

What is good for the goose, is good for the gander.  If Plaintiff previously took the position that information related to the government's criminal investigation of Victory was not relevant to this proceeding (and protected from disclosure, in any event), he should not be allowed to take a contrary position now, merely because it suits his purposes.[16]

## C.   The Secret Nature of Grand Jury Proceedings and the Investigative Privilege Prevent Aetna from Producing the Requested Information.

Finally, communications between Aetna and the government ultimately arose from the grand jury subpoena Aetna received in June 2019, a proceeding that is inherently secret in nature.[17]   Contrary to what Plaintiff argues, the secrecy requirements of grand jury investigations expand beyond matters discussed before the grand jury itself, and beyond

---

[14] Defendants' Notice of Corporate Representative Deposition of Plaintiffs, attached as ***Exhibit H***, Topic No. 25.

[15] ***Exhibit F,*** Victory's Objections to Defendants' Notice of Corporate Representative Deposition of Plaintiffs, Topic No. 25.

[16] This is particularly true when information in ***Victory's*** possession regarding the government's investigation has a far greater potential to be relevant than information in Aetna's possession.

[17] *See* FED. R. CRIM. P. 6(e).

materials produced in response to a grand jury subpoena.  Secret matters occurring before the grand jury include, for example, "information obtained by a government official who, in pursuing an investigation that is not truly independent of the grand jury's inquiry, has become an agent of the grand jury,"[18] as well as exchanges between prosecutors and others regarding a grand jury investigation.[19]  The critical inquiry is "whether disclosure would tend to reveal some secret aspect of the grand jury's investigation," including "the strategy or direction of the investigation."[20]  Aetna's communications with the government potentially could do so here, and it should not be required to make a determination as to which communications the government would contend are subject to the protections of Fed. R. Crim. P. 6(e).

Additionally, the Fifth Circuit has recognized an investigative/law enforcement privilege that protects from discovery information related to ongoing criminal investigations. *See, e.g., In re United States Dep't of Homeland Sec.,* 459 F.3d 565, 570, n.1-2 (5th Cir. 2006) (noting that the purpose of the privilege is to "protect from release documents relating to an ongoing criminal investigation"); *Coughlin v. Lee,* 946 F.2d 1152, 1159 (5th Cir. 1991) ("Federal common law recognizes a qualified privilege protecting investigative files in an ongoing criminal investigation").  That privilege is applicable to bar discovery in civil proceedings. *Brown v. Thompson,* 430 F.2d 1415, 1215 (5th Cir. 1970) (upholding applicability of the privilege in a civil case where the documents plaintiffs requested were files from an ongoing criminal investigation).  The grand jury subpoena leaves little doubt there is an

---

[18] *United States v. Flemmi,* 233 F. Supp. 2d 113, 115 (D. Mass. 2000).

[19] *In re Special Grand Jury 89-2,* 450 F.3d 1159, 1176-77 (10th Cir. 2006).

[20] *Id.* at 1177 (citations omitted).

ongoing criminal investigation into Victory's business practices, and Aetna is not the proper party to determine what materials should or should not be disclosed. At a minimum, the federal government should be heard on this issue before Aetna is required to produce any materials in response to Plaintiff's request.[21]

### D.    Plaintiff's Request is Overly Broad and Unduly Burdensome.

Plaintiff has requested all documents between Aetna, its counsel and the federal government (without limitation) concerning Victory from January 1, 2017 to the present. The request is not limited in scope, is not limited to matters related to this lawsuit, and potentially encompasses a myriad of communications and issues that have nothing to do with this case, including administrative matters. Contrary to Plaintiff's argument, his request is not narrowly drawn, and forcing Aetna to comply also would impose an undue burden that is not justified under the circumstances or proportional to the needs of this case.

### IV. CONCLUSION

Plaintiff's Motion to Compel is untimely, seeks information that has no bearing on the claims and defenses asserted in this action, and seeks confidential communications with the government that are protected from disclosure. Aetna respectfully requests that the Court deny Plaintiff's Motion to Compel; award Defendants their attorneys' fees and expenses incurred in opposing this Motion pursuant to Rule 37(a)(5)(B), because the Motion was not substantially justified; and grant to Defendants such other and further relief as is just and proper.

---

[21] Aetna notified the government representatives with whom it has been in contact regarding the grand jury subpoena that Plaintiff filed this Motion. However, given the intervening Christmas and New Year's holidays, Aetna has been unable (as of the time of this response) to ascertain the government's position. Aetna respectfully submits that, *at a minimum,* the Court should not order production of any of the requested information until the government has made its position known.

OF COUNSEL:                                    Respectfully submitted,
HUNTON ANDREWS KURTH LLP
        and                                    By:    /s/*John B. Shely*
M. KATHERINE STRAHAN                                  JOHN B. SHELY
State Bar No. 24013584                                State Bar No. 18215300
*kstrahan@huntonak.com*                              HUNTON ANDREWS KURTH LLP
ALLISON A. SJOBERG                                   600 Travis, Suite 4200
State Bar No. 24089622                               Houston, Texas 77002
*asjoberg@huntonak.com*                              Telephone: (713) 220-4105
                                                     Telecopier: (713) 220-4285
                                                     *jshely@huntonak.com*

                                               ATTORNEY-IN-CHARGE FOR
                                               DEFENDANTS AETNA HEALTH INC.,
                                               AETNA HEALTH INSURANCE COMPANY
                                               AND AETNA LIFE INSURANCE
                                               COMPANY

HOU 3965189

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 6, 2020, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court, Western District of Texas, using the CM/ECF system. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who are known "Filing Users:"

> Jennifer Rudenick Ecklund
> *Jennifer.Ecklund@tklaw.com*
> Andrew Cookingham
> *Andrew.Cookingham@tklaw.com*
> Reed C. Randel
> *Reed.Randel@tklaw.com*

/s/*John B. Shely*
John B. Shely

12

HOU 3965189