IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| NEIL GILMOURIII, TRUSTEE FOR THE GRANTOR TRUSTS OF VICTORY PARENT COMPANY, LLC; VICTORY MEDICAL CENTER CRAIG RANCH, LP, VICTORY MEDICAL CENTER LANDMARK, LP, VICTORY MEDICAL CENTER MID-CITIES, LP, VICTORY MEDICAL CENTER PLANO, LP, VICTORY MEDICAL CENTER SOUTHCROSS, LP, VICTORY SURGICAL HOSPITAL EAST HOUSTON, LP, VICTORY MEDICAL CENTER BEAUMONT, LP, <br><br>*Plaintiffs,* <br><br>vs. <br><br>AETNA HEALTH, INC., AETNA HEALTH INSURANCE COMPANY, AETNA LIFE INSURANCE COMPANY, <br><br>*Defendants.* | § § § § § § § § § § § § § § § § § § § § § § § | SA-17-CV-00510-FB |

**ORDER**

Before the Court in the above-styled cause of action are the following pending motions: Defendants' Opposed Motion to Admit Former Trial Testimony of Non-Party Witness Andrew Hillman and/or for an Adverse Inference [#98], Defendants' Opposed Motion to Exclude the Opinions of Plaintiff's Damages Expert, Rodney Sowards [#103], Defendants' Motion to Compel the Production of Documents and Brief in Support [#108], Defendants' Motion for Sanctions and Supporting Brief [#123], and Victory's Opposed Motion to Compel Discovery [#146]. The Court held a hearing on the motions on January 8, 2020, at which the parties, as well as Non-Party Robert Helms, were present through counsel. At the close of the hearing, the

1

Court issued certain oral rulings on Defendants' and Victory's Motions to Compel [#108, #146] and took the other motions under advisement. The Court now memorializes its oral rulings with this written Order.

### I.  Aetna's Motion to Compel

The motion to compel filed by Defendants (hereinafter "Aetna") asks the Court to compel the production of various categories of documents that Aetna contends were withheld by Plaintiff (hereinafter "Victory"). The parties partially resolved their dispute prior to the hearing, leaving only two items at issue: (1) Aetna's request for "[a]ll medical records for the Medical Claims at issue . . ."; and (2) Aetna's request for all "[d]ocuments and communications concerning the acquisition costs and markup rates for implants and supplies sold to Victory."

Victory through counsel represented at the hearing that it has already produced all information on implant pricing in its possession and control. To confirm this representation, the Court will order Victory to designate a client representative to swear under penalty of perjury that there are not within Victory's possession any additional documents reflecting acquisition costs and markup rates for implants. The declaration shall be served on Aetna.

As to the request for medical records, the Court will order Victory to produce a representative sampling, and Victory shall produce complete medical records for 100 disputed claims, selected at random from the 1801 disputed claims.

The Court will decline to award costs to Aetna for reasons stated on the record during the hearing.

### II.  Victory's Motion to Compel

The motion to compel filed by Victory asks the Court for an order compelling the production of "[a]ll Documents and Communications exchanged between You (or Your

attorneys acting on Your behalf) and the federal government (including but not limited to, the U.S. Attorneys' Offices for the Western and Northern Districts of Texas and the Office of Inspector General) concerning Victory since January 1, 2017." The Court will deny the motion as untimely filed under this Court's Scheduling Order and Local Rule CV-16(d). Discovery in this case expired months before Victory filed its motion, and Victory has not demonstrated exceptional circumstances to justify the Court's intervention in this discovery dispute. *See* W.D. Tex. Loc. R. CV-16(d) ("Absent exceptional circumstances, no motions relating to discovery . . . shall be filed after the expiration of the discovery deadline, unless they are filed within 7 days after the discovery deadline and pertain to conduct occurring during the final 7 days of discovery.").

Even if this motion were not late, it would still be denied because Victory has not demonstrated the relevance of the requested information to its claims or defenses. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . .").

Thus, in accordance with the foregoing:

**IT IS HEREBY ORDERED** that Defendants' Motion to Compel the Production of Documents and Brief in Support [#108] is **GRANTED IN PART** as follows:

- Victory is hereby ordered to designate a client representative to issue a declaration sworn under penalty of perjury that there are no additional implant invoices or similar documents pertaining to transactions between Victory and any entity from which it purchased such implants that would be responsive to Aetna's request for production of all "[d]ocuments and communications concerning the acquisition costs and markup rates for implants and supplies sold to Victory." Victory is to serve the declaration on Aetna on or before **January 25, 2020**.

- Victory must produce a representative sampling of the requested medical records comprised of 100 "medical records for the Medical Claims at issue, including but not necessarily limited to, medical and social histories, daily treatment or progress notes, record of preliminary and final diagnoses, diagnostic and

laboratory test results, x-rays, x-ray reports, operative reports, nursing notes, anesthesia records, and post anesthesia care and/or recovery room records." Victory should produce these records within **30 days** of the date of this Order.

In all other respects, Defendant's Motion [#108] is **DENIED**.

**IT IS FURTHER ORDERED** that Victory's Opposed Motion to Compel Discovery [#146] is **DENIED**.

SIGNED this 9th day of January, 2020.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE