IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| NEIL GILMOUR, III, TRUSTEE FOR ) | |
| THE GRANTOR TRUSTS OF VICTORY ) | |
| PARENT COMPANY, LLC.; ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| V. ) | CIVIL ACTION NO. SA-17-CA-510-FB |
| ) | |
| AETNA HEALTH INC., AETNA HEALTH ) | |
| INSURANCE COMPANY, and AETNA ) | |
| LIFE INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |

**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND FURTHER ORDERS OF THE COURT**

Before the Court is the status of the above styled and numbered cause including the Report and Recommendation of the United States Magistrate Judge (docket no. 160) concerning Defendants' Motion for Summary Judgment and Brief in Support (docket no. 94) and addressing Defendants' Opposed Motion to Exclude the Opinions of Plaintiff's Damages Expert, Rodney Sowards (docket no. 103), and Defendants' Motion for Sanctions and Supporting Brief (docket no. 123); along with plaintiffs' (collectively referred to as "Victory") written objections (docket no. 164) thereto; defendants' (collectively referred to as "Aetna") response (docket no. 169) to Victory's written objections; Victory's reply (docket no. 173) to Aetna's response; and Victory's Motion for Leave to File Exhibits Under Seal (docket no. 174) filed in support of its reply to Aetna's response to its objections to the Report and Recommendation.

## VICTORY'S MOTION FOR LEAVE TO FILE EXHIBITS UNDER SEAL

Victory's motion for leave to file exhibit's under seal presents new evidence. Here, the Magistrate Judge provided Victory multiple opportunities to establish its claims; Victory failed to allege any of this new evidence until after Aetna filed its response to Victory's objections to the Report and Recommendation; all of this newly presented evidence was available to Victory early on in this case; and Victory provides no explanation as to why it failed to present it until now. *Freeman v. County of Bexar,* 142 F.3d 848, 852 (5th Cir.1998) (explaining that litigants may not use Magistrate Judge as mere sounding board for sufficiency of evidence). In an abundance of caution, however, the Court has considered the new evidence for purposes of the Report and Recommendation. Accordingly, Victory's Motion for Leave to File Exhibits Under Seal (docket no. 174) shall be granted.

## BACKGROUND

This is an ERISA case against Aetna for underpaid benefits. Aetna counterclaimed against plaintiffs for fraudulent billing under Texas state law. There are cross motions for summary judgment pending, as well as several other pretrial motions. This Report and Recommendation addresses Aetna's motion for summary judgment, Aetna's Daubert motion, and Aetna's motion for sanctions. The report recommends that Aetna's motion for summary judgment be granted and all plaintiffs' claims be dismissed. This would leave plaintiffs' motion for summary judgment on the counterclaims (as well as one other motion concerning a potential witness for defendants if the counterclaims go to trial) pending.

## THE REPORT AND RECOMMENDATION

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of the Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) ("A

judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court need only review the Report and Recommendation and determine whether it is clearly erroneous or contrary to law. *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir.), *cert. denied,* 492 U.S. 918 (1989).

On the other hand, any Report and Recommendation to which objection is made requires de novo review by the Court. Such a review means that the Court will examine the entire record, and will make an independent assessment of the law. The Court need not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

The Court has thoroughly analyzed the parties' submissions in light of the entire record. As required by Title 28 U.S.C. § 636(b)(1)(c), the Court has conducted an independent review of the entire record in this cause and has conducted a de novo review with respect to those matters raised by the objections. After due consideration, this Court concludes the objections lack merit. Accordingly, the Court will accept the Report and Recommendation and summary judgment will be granted in favor of Aetna.

## FURTHER ORDERS OF THE COURT

Summary judgment having been granted in Aetna's favor, this Court has the discretion to dismiss Aetna's counterclaims and decline to exercise supplemental jurisdiction over these state law causes of action in light of the only federal claims being dismissed from the suit. As discussed in the Report and Recommendation:

> If the Court grants Aetna summary judgment on the only pending federal claims in this lawsuit, the District Court would have discretion to follow the "general rule" in this Circuit and decline to exercise supplemental jurisdiction over Aetna's counterclaims. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental

>jurisdiction over a claim under subsection (a) if . . . (3) the district court has dismissed all claims over which it has original jurisdiction."); *Bass v. Parkwood Hosp.,* 180 F.3d 234, 246 ("When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims."). If the District Court decides to dismiss the pendent claims, such dismissal should be without prejudice so that Aetna can file its claims in state court. *Bass,* 180 F.3d at 246. In determining whether a district court abused its discretion in dismissing remaining state-law claims, the Fifth Circuit considers both the statutory provisions of Section 1367(c) and the balance of the relevant factors of judicial economy, convenience, fairness, and comity that the Supreme Court outlined in *Carnegie-Mellon University v. Cohill,* 484 U.S. 343, 350–51 (1988) and *United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966). *Batiste v. Island Records, Inc.,* 179 F.3d 217, 227 (5th Cir. 1999) (holding district court abused its discretion by declining to exercise supplemental jurisdiction over pendent state law claims where trial was scheduled to occur in only one month and case had been pending for three years).

(Report & Recommendation, docket no. 160, page 26). The parties have not objected to the exercise of this discretion. After careful consideration, and having granted Aetna summary judgment on the only pending federal claims in this suit, the Court shall decline to exercise supplemental jurisdiction over Aetna's state law counterclaims. Accordingly, Victory's motion for partial summary judgment and Aetna's pretrial motion shall be dismissed without prejudice.

IT IS THEREFORE ORDERED that Victory's Motion for Leave to File Exhibits Under Seal (docket no. 174) is GRANTED such that Exhibit 1 and Exhibit 2 (attached to the motion for leave) are FILED UNDER SEAL.

IT IS FURTHER ORDERED that the Report and Recommendation of the United States Magistrate Judge (docket no. 160) is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1) such that:

* Defendants' Opposed Motion to Exclude the Opinions of Plaintiff's Damages Expert, Rodney Sowards (docket no. 103) is GRANTED IN PART in that Rodney Sowards's testimony is unreliable on the question of defendants' liability on plaintiffs' remaining claims. Defendants' challenge to Rodney Sowards's testimony as to damages is DISMISSED AS MOOT because the Court accepts the recommendation to award defendants summary judgment.

> \*        Defendants' Motion for Sanctions (contained within docket no. 123) is DENIED.
>
> \*        Defendants' Motion for Summary Judgment (contained within docket no. 94) is GRANTED on the basis that plaintiffs failed to produce sufficient evidence to raise a genuine dispute of material fact on their remaining claims (Counts 1 and 6).

IT IS FURTHER ORDERED that, having granted defendants summary judgment on the only pending federal claims in this suit, the Court declines to exercise supplemental jurisdiction over defendants' state law counterclaims, and therefore Defendants' Opposed Motion to Admit Former Trial Testimony of Non-Party Witness Andrew Hillman and/or for an Adverse Inference (docket no. 98) and Victory's Motion for Partial Summary Judgment (docket no. 100) and are DISMISSED WITHOUT PREJUDICE.

IT IS FINALLY ORDERED that motions pending with the Court, if any, are Dismissed as Moot and this case is CLOSED.

It is so ORDERED.

SIGNED this 26th day of August.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE